**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent,<br><br>vs.<br><br>Joseph Nicholas Fuentes,<br><br>    Defendant/Petitioner. | No.     CV 08-348-PHX-JAT<br>           CR 03-764-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Joseph Fuentes' ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Petition"). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that this Court deny the Petition. Petitioner timely filed objections to the R&R.

Petitioner's habeas petition arises from his convictions for first degree murder and conspiracy to commit murder, for which he is serving two concurrent life imprisonment terms. R&R at 2. The murder occurred at the Federal Correctional Institute in Phoenix, where both Petitioner and the victim were inmates. At trial, the government argued that the motive for the murder was that the victim had testified against Petitioner and his uncle in a drug case. *Id.*

## I. Review of R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because objections were filed, the Court will review the portions of the R&R to which there was an objection *de novo*.

Petitioner's first objection relates to this Court's review of the record. Specifically, he objects to the Magistrate Judge relying on the government's verison of the factual history of this case for purposes of the R&R. This Court will rely on its own memory and the record in this case if either differs from the R&R; thus, to that limited extent, objection #1 is sustained.

In his Petition, Petitioner argues that his counsel was ineffective for not objecting to this Court dismissing the first jury pool and calling a second jury pool. R&R at 12-13. The R&R recommends that this Court deny relief on this claim. Neither party filed objections to this recommendation. The Court accordingly accepts and adopts the R&R as to this theory of ineffective assistance of counsel, and denies relief on this claim.

## II. Factual Objection

In objection #2, Petitioner raises a factual objection that he wants the record to reflect that Defendant Yellowman also proceeded to trial. Petitioner is correct that Defendant Yellowman proceeded to trial, and was acquitted. Doc. #982 in CR 03-764. Thus, to the limited extent that the Court notes that Defendant Yellowman also proceeded to trial, objection #2 is sustained.

## III. Procedural Objection

The R&R finds that Petitioner's claim of prosecutorial misconduct is procedurally defaulted because Petitioner did not raise this claim in his direct appeal. R&R at 3-4. Petitioner does not dispute this conclusion, but argues "Movant is actually innocent," which

the Court assumes to be Petitioner's effort to overcome his procedural default.[1] Objections at 2. The Court finds that Petitioner's unsupported conclusion that he is actually innocent is insufficient to overcome his procedural default. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). Therefore, the Court accepts and adopts the recommendation that Ground 2 of the Petition be denied because it is procedurally defaulted; objection #3 is overruled.

### IV. Merits Objections

#### A. Request for Appointment of Counsel

At the conclusion of his objections, Petitioner renews his request for appointment of counsel. Petitioner originally asked for counsel to be appointed prior to filing his habeas petition, and then after filing his Petition. Doc. #1285 at 2-3 in CR 03-764. This Court denied that request stating as follows:

> On February 22, 2008, Movant filed a "Motion For Appointment Of Counsel" (Doc. #1254), in which he requests that this Court "authorize the retention of and payment for counsel" to assist him in his "habeas proceedings." In support of his Motion, Movant alleges that as a federal prisoner, he is unable to contact the potential witness "stated" in his §2255 Motion. Appointment of counsel is mandatory pursuant to Rule 8(c) of the Rules Governing § 2255 Cases when an evidentiary hearing is required, *United States v. Duarte-Higareda*, 68 F.3d 369 (9th Cir. 1995), and when necessary for effective discovery pursuant to Rule 6(a) of the Rules Governing § 2255 Cases. At this early juncture, neither are required. Appointment is also required when the complexities of the case are such that lack of counsel would equate with the denial of due process. *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962)). There is presently no indication that lack of counsel would result in the denial of due process.
> Otherwise, the court must determine whether the interests of justice require the appointment of counsel. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (*per curiam*). Petitioner has articulated his claims well and the legal issues are not inherently complex. At this time, the Court will deny his request without prejudice to renewal should circumstances change.

---

[1] Habeas review of defaulted claims may be appropriate if the petitioner demonstrates that review is necessary to prevent a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A fundamental miscarriage of justice occurs only when a Constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.*

*Id*.

The Court continues to find that Petitioner has articulated his claims well, including his objections. Further, the Court has reviewed the Petition, the R&R and the objections and finds that the legal issues are not complex and that Petitioner is unlikely to prevail on the merits. Thus, the Court does not find the appointment of counsel to be necessary or appropriate in this case.

### B. Claims of Ineffective Assistance of Trial Counsel

The R&R recommends that this Court find that Petitioner's remaining ineffective assistance of trial counsel claims are properly raised for the first time in this habeas petition. Neither party objected to this recommendation. Therefore, the Court accepts this recommendation and will consider the merits of Petitioner's remaining ineffective assistance of trial counsel claims.

Petitioner's remaining three claim that his trial counsel was ineffective are: 1) having Petitioner take a polygraph test that was used against him at trial; 2) not investigating more; and 3) not calling a prison-gang expert. As the R&R recounts, for Petitioner to prevail on an ineffective assistance of counsel claim he must meet the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Without specifics that cause the Court to have such doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir.

1994) (noting that petitioner needs to "identify what evidence counsel should have presented" to show his innocence).

### 1. Polygraph Test

First, Petitioner claims that his counsel should not have let him go forward with a polygraph test. As the R&R notes, and the Court recalls, it was Petitioner who initially requested the polygraph test. R&R at 5. Petitioner did so on the stipulation that the polygraph would be admissible at trial. *Id.*

The Magistrate Judge concluded that Petitioner's counsel's judgment to allow Petitioner to take the polygraph was not outside the wide range of professionally competent assistance. R&R at 5. Indeed the Magistrate Judge concluded that the decision can only be questioned after knowing the results of the test; but, this Court is not to second-guess counsel's decisions with the benefit of hindsight. R&R at 6 citing *LaGrand v. Stewart*, 133 F.3d 1253, 1271 (9th Cir. 1998).

Petitioner objects to this conclusion saying only that he was uncomfortable with the FBI polygrapher. Objections at 3. Even assuming Petitioner was "uncomfortable" at the time, such a fact would not cause counsel's decision to go forward with the polygraph to be outside the range of professionally competent assistance. Therefore, Petitioner's request for habeas relief on this basis will be denied.

Next, Petitioner argues that counsel was ineffective in how he handled the admission of the polygraph results at trial. Specifically, Petitioner argues "Mr. Coy ... breached ... the stipulation" and that this Court, as the trial court, should not have honored the stipulation and allowed the admission of the results. Objections at 3.

Generally, if a stipulation in a criminal trial is entered into freely and voluntarily it is binding and enforceable; thus "a defendant who has stipulated to the admission of evidence cannot later complain about its admissibility." *United States v. Technic Services, Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002). Here, Petitioner does not dispute that the stipulation provided for the admission of the polygraph results. Petitioner's assertion, without any factual argument, that Mr. Coy breached the stipulation does not provide any basis for

1  finding counsel ineffective. Further, Petitioner cannot, having agreed to the stipulation, now
2  claim that counsel was ineffective for failing to object to the admission of the evidence.
3  Counsel cannot be ineffective for failing to take a course of action that would have been
4  futile. *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).

5  Finally, as the R&R recounts, counsel took many steps to attempt to refute the
6  polygraph results. R&R at 7. For example, counsel cross-examined the examiner about six
7  specific perceived issues with the test. *Id.* Further, counsel called his own polygraph expert
8  to point out the deficiencies in the test. *Id.* On this record, the Court agrees with the R&R
9  that counsel was not deficient either in recommending Petitioner take the test, nor in failing
10 to object to the test's admissibility. Accordingly, habeas relief on this basis will be denied.

### 2. Further investigation

12 Next, Petitioner argues that his counsel was ineffective for not doing further
13 investigation. His factual support for this argument is his listing of four individuals who he
14 believes had information that would have been relevant to his defense. R&R at 8-9 citing
15 Petition at 11. The R&R recommends that this Court find that Petitioner has not shown
16 ineffective assistance of counsel on this claim because a petitioner may not use self-serving
17 speculation to argue that a witness might have had favorable testimony. R&R at 8 citing
18 *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997); *U.S. v. Ashimi* 932 F.2d 643, 650 (7th
19 Cir. 1991).

20 In his Objections, Petitioner does not dispute that he does not have evidence to
21 support his allegations. Instead, Petitioner argues that doing this additional investigation is
22 why he needs counsel to represent him in this habeas action. He further seeks an evidentiary
23 hearing to develop these claims.

24 First, trial counsel is not required to interview every possible witness to be effective.
25 *See generally Bobby v. Van Hook*, - - - U.S. - - -; 2009 WL 3712013, *2-*4 (November 9,
26 2009). Additionally, even taking Petitioner's allegations as true — that these four
27 individuals had information that was relevant — Petitioner does not argue that these four

1 individuals had information that would have been favorable to Petitioner. Thus, Petitioner can show neither that his counsel was deficient nor that he was prejudiced.

As to Petitioner's renewed request for counsel, for the reasons stated above, the Court does not find the appointment of counsel to be justified in this case. In objection #5, Petitioner expands his request for counsel to explain that he seeks counsel to conduct discovery in this case. With respect to discovery, a habeas petitioner is not entitled to discovery as a matter of ordinary course. *See e.g., Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery in habeas actions under section 2255 is governed by Rule 6 of the Rules Governing Section 2255 Proceedings ("Rule 6"), which provides:

> (a) Leave of court required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
> (b) Requesting discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

A petitioner satisfies the good cause requirement of Rule 6 when specific allegations before the Court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *Bracy*, 520 U.S. at 908-09.

Here, Petitioner's argument regarding why he needs counsel — to conduct discovery — is based on a mistaken premise. Specifically, Petitioner is not, in the habeas context, automatically entitled to discovery. He may only take discovery if good cause is shown; and good cause is shown by alleging specific facts that might entitle him to relief. As discussed previously, Petitioner has not alleged facts which, if true, would demonstrate that he is entitled to relief. Thus, because Petitioner is not entitled to discovery in this case, he is not entitled to the appointment of counsel to perform that discovery for him.

Similarly, Petitioner is not entitled to an evidentiary hearing as a fishing expedition to see if any of these individuals might have helpful testimony. Specifically, no hearing evidentiary hearing is necessary if this Court "is able to determine without a hearing that the allegations are without credibility or that the allegations if true would not warrant a new trial

. . . ." *United States v. Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir. 1991); *see also Siripongs v. Calderon*, 35 F.3d 1308, 1314 (9th Cir. 1994) (to be entitled to an evidentiary hearing, a habeas petitioner must assert a colorable claim to relief).

Again, as discussed above, Petitioner's allegations, even if true, do not show a colorable claim for relief. First, he has failed to show that, even if these people could give favorable testimony, it would have been ineffective for his attorney to not interview them. Second, Petitioner has not even alleged that these people have testimony that would entitle him to a new trial, he simply alleges that they know something about the case. As a result, Petitioner has not shown that he is entitled to an evidentiary hearing.

Therefore, neither Petitioner's discovery argument nor evidentiary hearing argument entitle him to the appointment of counsel in this case; Petitioner's objection #5 is overruled. Additionally, the Court accepts the recommendation of the R&R that Petitioner's trial counsel was not ineffective for failing to interview these possible witnesses. Accordingly, Petitioner's claims for habeas relief on this basis will be denied.

### 3. Prison-gang Expert

Finally, Petitioner claims his trial counsel was ineffective for failing to call an expert on prison gangs. As discussed above, the government's theory of motive in Petitioner's trial was that the victim had testified against Petitioner and his uncle. Petitioner argues that his counsel was ineffective for failing to call a prison-gang expert to testify that the victim might also have been at risk because the victim was a sex offender. R&R at 9.

Petitioner's argument fails for two reasons. First, Petitioner cannot show that his counsel made an error in judgment that was below an objective standard of reasonableness because Petitioner's counsel elicited this same expert opinion from the government's expert. *Id.* Specifically, counsel obtained testimony that sex offenders may by in jeopardy in prison more than other types of offenders. *Id.* Thus, any expert counsel might have called on this issue would have been cumulative. *See U.S. v. Schaflander*, 743 F.2d 714, 718 (9th Cir. 1984) *cert. denied* 470 U.S. 1058 (1985) (holding that the failure of counsel to present cumulative evidence is not ineffective assistance).

1    Second, Petitioner cannot show prejudice. It does not logically follow that an expert
2    testifying that a sex offender is at higher risks that other offenders in the prison environment
3    means the government did not prove that in this particular case, the victim was killed because
4    he testified against Petitioner. Thus, even if an expert was called as Petitioner now
5    advocates, he cannot show that the results of the proceeding would have been different.

6    The same is true of Petitioner's argument that a prison-life expert could have
7    explained to the jury about Petitioner's assertion that prison gangs have a "validation"
8    process. Objections at 6. Petitioner cannot show how the failure to have such testimony was
9    unreasonable, nor how he was prejudiced by it. Accordingly, Petitioner's objection #6 is
10   overruled.

11   Petitioner also argues that a prison-gang expert could have explained that Petitioner
12   was in a street gang and not a prison gang based on his tattoos. Objections at 7.
13   Preliminarily, the Court agrees with the recommendation of the R&R that this Court find that
14   counsel was not ineffective for failing to object to the first tattoo picture that was admitted.
15   R&R at 11. While Petitioner argues in his Petition that the photograph was irrelevant
16   because he denies he was in a gang, the Court agrees with the R&R that his denial of gang
17   membership made the photograph of his "gang-tattoo" relevant. *Id*. Therefore, the Court
18   accepts the recommendation of the R&R that counsel was not ineffective for failing to make
19   a futile objection. R&R at 12.

20   As to Petitioner's point in his Objections, that a prison gang expert could have further
21   explained his gang membership, the Court does not find counsel's decision to be ineffective.
22   First, Petitioner speculates that expert testimony on the distinction between street gangs and
23   prison gangs would have been available. Second, assuming such testimony was available,
24   the Court will not second guess counsel's tactical decision to not call an expert who might
25   have bolstered the prosecution's theory that, based on his tattoos, Petitioner was a gang
26   member. Accordingly, objection #7 is also overruled. Therefore, habeas relief on this theory
27   of ineffective assistance of counsel is also denied.

28

### V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. #11) is accepted and adopted as specified above and the Objections (Doc. #12) are overruled or sustained as specified above.

**IT IS FURTHER ORDERED** that the Motion/Petition (Doc. #1) is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Petitioner files an appeal, the Court grants in part and denies in part the certificate of appealability. As to Ground 1, the Court finds that Petitioner has stated a claim of constitutional magnitude as to theories 1 - 5 of ineffective assistance of counsel and the Court grants the certificate of appealability as to those theories.[2] As to Ground 1, theory 6, the Court finds Petitioner has not stated a claim of constitutional magnitude and denies the certificate of appealability on this theory. As to Ground 2, the Court finds that Ground 2 is precluded by a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 7th day of December, 2009.

James A. Teilborg
United States District Judge

---

[2] Theories 1-5 relate to: 1. and 4. polygraph test; 2. investigation; and 3. and 5. prison expert testimony.